UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| LOWER NEUSE PRESERVATION GROUP, LLC, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 4:11cv77 |
| BOATS, ETC., INC., CLINTON MIDGETT, And ELIZABETH DOVEL, | : |
| Defendants. | : |

## OPINION AND ORDER

SALTY is a 42-foot sport fishing boat which was in need of repair. Plaintiff, Lower Neuse Preservation Group, LLC ("Lower Neuse" or "the Company"), intends to use SALTY as a charter boat and learning tool for a children's summer camp. The Company engaged the Defendants to inspect and then repair SALTY for a contract price of $100,000.00. Problems arose, and this action followed.

The case is now before the Court on the Defendants' motion to dismiss ten of the eleven claims alleged by the Company.[1] Considering the facts pled, and fair inferences from those facts, the Court finds four of the ten claims facially plausible and, therefore, DENIES the Defendants' motion to dismiss those four counts. Of the remaining six challenged claims, five rest on conclusory recitations of the elements, or are otherwise insufficient to state a claim. Accordingly, the Court GRANTS the Defendants' motion to dismiss those five claims. The remaining count, alleging breach of contract against all three Defendants, is properly asserted

---

[1] On August 12, 2011, the Court referred this matter to the undersigned Magistrate Judge pursuant to the parties' consent, 28 U.S.C. § 636(c), and Fed. R. Civ. P. 73.

1

against only two, as the facts alleged are insufficient to state a claim to pierce the corporate veil and assert contract liability against Clinton Midgett ("Midgett") and Elizabeth Dovel ("Dovel") as owners of Boats, Etc., Inc. ("Boats, Etc.").

## I. FACTS

According to the allegations in the Complaint, Lower Neuse is a North Carolina entity, with plans to operate SALTY as a charter boat and learning platform for a children's summer camp. These plans required Coast Guard certification of SALTY which she could not obtain without repair. The Defendants, Midgett and Dovel, husband and wife, own Boats, Etc., Inc., a Virginia corporation engaged in building and repairing boats. Midgett is a wooden boat builder of some renown whom Lower Neuse sought out to assist in its plans to refit the vessel.

The Complaint alleges that Midgett was first engaged as a consultant, to determine whether SALTY's refit was feasible within a defined budget and time period. Midgett inspected the vessel, concluded the refit was possible, and suggested that Lower Neuse retain Boats, Etc. to complete the refit. The exact nature of the refit is not detailed in the pleadings, and neither party has attached any written contract for the inspection, refit or other repairs. However, Lower Neuse alleges that on March 5, 2009, it "entered into a written agreement with Midgett and Boats, Etc. to totally and completely refit SALTY at a cost not to exceed $100,000.00." (Complaint, ¶ 19). The refit was to take no more than one year, and SALTY would be ready for service in the spring of 2010.

Lower Neuse alleges Midgett's representation that the refit could be completed within these parameters was false, that Midgett knew it was false, and that he made it to induce the Company to hire Boats, Etc. The Complaint also asserts that during the refit Dovel and Midgett made false statements concerning its progress and expected completion date; that Midgett and

Boats, Etc. performed the work improperly, concealed defects from Coast Guard inspection, and failed to safeguard SALTY, resulting in unspecified damage to the vessel while she was in the Defendants' custody.

By June, 2010, the refit was not complete. Lower Neuse moved the vessel to another yard, and thereafter alleges that Midgett and Boats, Etc. abandoned their work on SALTY. As alleged in the Complaint, the total cost of the expected refit will be $300,000.00. Lower Neuse seeks recovery of $225,000.00 under a variety of legal theories.

The Complaint asserts eleven claims against the Defendants. Count 1 asserts a breach of contract against all the Defendants. Counts 2, 7, 8, 9, and 10 all assert some species of fraud against Defendant Midgett individually. Count 3 is a negligence count against Midgett. Counts 5 and 6 assert breaches of the implied warranty of workmanlike performance and Count 11 claims Midgett breached a fiduciary duty to Lower Neuse. The only count not addressed by the pending motions is Count 5, alleging liability against Midgett and Boats, Etc. for breach of duties arising under a bailment. The Court will address each of the Defendants' arguments in turn.

## II. STANDARD OF REVIEW

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading fails to meet this standard and is subject to dismissal under Rule 12(b)(6) when it does not "contain sufficient factual matter, accepted as true, 'to state a claim that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

3

"Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. Twombly, 550 U.S. at 570; Iqbal, 129 S. Ct. at 1951. Legal conclusions and "threadbare recitals of the elements of a cause of action" do not state a claim. Iqbal, 129 S.Ct. at 1049.

The Supreme Court has described the motion to dismiss analysis in two parts. First, the Court must accept the allegations of fact as true. Id. at 1949-50 However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations, Iqbal, 129 S. Ct. at 1951. After reviewing the allegations, the Court must consider whether they are sufficient to state a plausible claim for relief – "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

A. **The contract claim in Count 1 is plausibly alleged only against the contracting parties.**

Lower Neuse has alleged that it entered into a written contract with "Boats, Etc. and Midgett." (Complaint, ¶ 19). The company also claims, however, that Midgett and Dovel are liable on the contract in their capacity as officers of Boats, Inc. The primary reason the Company asserts personal liability is that Boats, Etc.'s corporate existence had been terminated by the Virginia State Corporation Commission ("SCC"), thus exposing its owners to personal liability. (Complaint, ¶ 34).

Although terminated, Boats, Etc. was reinstated by the SCC on February 23, 2011. (Complaint, ¶ 8). Thereafter, under Virginia law, questions of individual liability for corporate acts must "be determined as if the termination of corporate existence had never occurred." Va. Code § 13.1-754; Syed v. ZH Technologies, 280 Va. 58, 69, 694 S.E. 2d 625, 631 (2010). This

4

statute, amended in 2004, completely reversed Virginia's previous presumption that reinstatement would have no effect on an officer's personal liability for acts occurring while a corporation was terminated. Syed, 280 Va. at 69. As a result, Dovel and Midgett argue reinstatement of Boats, Etc. bars this contract claim against its officers or owners.

Lower Neuse correctly observes that the statutory change did not eliminate the possibility that officers could be held personally liable during such periods, however, its Complaint alleges no facts suggesting that Dovel and Midgett should be held personally liable. In Virginia, piercing the corporate veil requires that the plaintiff prove that the corporation is "the alter ego, alias, stooge, or dummy" of the individual. Cheatle v. Rudds Swimming Pool Supply Co., 234 Va. 207, 212, 360 S.E. 2d 828, 830-31 (1987). In addition, the corporation must have been used to "evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage." O'Hazza v. Executive Credit Union, 246 Va. 111, 115, 431 S.E. 2d 318, 320 (1993). The Fourth Circuit has observed that by this second requirement, Virginia, unlike some jurisdictions, mandates proof of fraud or a legal "wrong" to recover from corporate owners or agents. Perpetual Real Estate Services, Inc. v. Michaelson Properties, Inc., 974 F.2d 545, 548-49 (4th Cir. 1992).

In its effort to hold Midgett and Dovel personally liable, Lower Neuse asserts that the two operated Boats, Etc. as their "alter ego, a sham, and merely an instrumentality or adjunct of themselves." (Complaint, ¶ 9). In support of this conclusion, the Company offers five statements, three of which relate directly to the timely-cured termination of corporate existence. The remaining two statements accuse the owners of "failing to observe other corporate formalities," and "abusing the corporate form." Importantly, the Complaint describes no "corporate formalities" which Boats, Etc. failed to observe (other than those directly related to its

interim termination), nor any other factual basis for its conclusion that Midgett and Dovel abused the corporate form. There is no allegation, for example, that the two failed to capitalize or drained funds from the corporation O'Hazza, 246 Va. at 1116; diverted assets of the corporation to other uses, Richels v. Smith, 163 Bankr. 760 (E.D. Va. 1994); transferred property or equipment in order to evade obligations to creditors; Lewis Trucking Corp. v. Commonwealth, 207 Va. 23, 147 S.E. 2d 747 (1966); or otherwise, used the corporation to "disguise wrongs, obscure fraud, or conceal crime." Cheatle, 360 S.E. 2d at 831. Under these circumstances, Lower Neuse's attempt to assert individual liability against the owners of Boats, Etc. rests on no more than conclusory recitations of the elements of a claim without enough facts to state a claim for relief that is plausible on its face. Iqbal, 129 S.Ct. at 1949. Accordingly, to the extent the contract claims are asserted against Midgett and Dovel in their capacities as owners or agents of Boats, Etc., their motion to dismiss is granted. As Midgett is also alleged to be a contracting party in his own right, final resolution of contract claims against him will depend on development of the factual record.

B. **Three fraud claims rely on Midgett's alleged intentionally false statement of future performance.**

In Counts 2, 8 and 10, Lower Neuse claims Midgett committed fraud by falsely representing that SALTY could be refit for a total cost of $100,000.00 when "he knew or should have known that it was impossible" to do so. (Complaint, ¶¶ 28-29). Although the three counts each rely on the same false representation, Count 1 is styled Fraudulent Inducement, Count 8 Actual Fraud, and Count 10 Constructive Fraud.

The Defendants argue all these fraud counts must fail as they involve a statement or promise about future events, and not existing fact. In Virginia, a promise made with no present

intention to perform may be a misrepresentation of fact sufficient to state a claim for fraud. Station #2, LLC v. Lynch, 280 Va. 166, 172, 695 S.E. 2d 537, 540 (2010); Colonial Ford Truck Sales v. Schneider, 228 Va. 671, 677, 325 S.E. 2d 91, 95 (1985). Here, Lower Neuse has affirmatively alleged that Midgett's statement was false when made, that Midgett knew it was false, and that it was made to induce the Company to embark on the project and enter into a refit contract with Boats, Etc. (Complaint, ¶¶ 28, 39). The Complaint also includes factual support for these statements, including the claim that Midgett was an expert at obtaining Coast Guard certification for wooden boats (Complaint, ¶ 11); that he wanted to use the SALTY refit as part of a book project (Complaint, ¶ 17); that he thoroughly inspected the vessel (Complaint ¶ 15); and that he encouraged Lower Neuse to retain Boats, Etc. by offering to refund money if the refit could not be completed on budget (Complaint, ¶ 18). The Complaint also alleges that the total cost of the repairs is expected to be $300,000.00. While Midgett may dispute some, or all of these facts, accepted as true they lend support to Plaintiff's claim that Midgett deliberately understated the cost of the refit to encourage Lower Neuse to undertake it. Accepting as true all of the facts pled and viewing them in the light most favorable to Lower Neuse, Counts 2 and 8 are therefore sufficient to state claims against Midgett. However, a claim of constructive fraud can never be based on a promise of future action. Supervalu, Inc. v. Johnson, 276 Va. 356, 368, 666 S.E. 2d 335, 342 (2008). Accordingly, Count 10, alleging constructive fraud must be dismissed.

C. **Count 3 of the Complaint alleges no separate common law duty of negligence.**

In Count 3, Lower Neuse alleges that Midgett is liable to it individually for negligence in addition to his contract liability and that of his company. Tort and contract claims may be joined in Virginia if "the duty tortiously or negligently breached [was] a common law duty and not one

existing between the parties solely by virtue of the contract." Foreign Mission Bd. v. Wade, 242 Va. 234, 241, 409 S.E. 2d 144, 148 (1991). But a tort claim "cannot be based solely on a negligent breach of contract." Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc., 256 Va. 553, 559, 507 S.E. 2d 344, 347 (1998). Tort liability arises from the nonperformance of a contractual obligation only when that conduct also violates a common law duty. Station #2, LLC v. Lynch, 280 Va. 166, 177, 695 S.E. 2d 537, 540 (2010).

In Count 3, Lower Neuse alleges nothing more than a negligent breach of contract. Pled in the alternative to the Company's contract claims against Midgett, Count 3 alleges that he was an agent for Boats, Etc. and as a result had "a duty to exercise ordinary and reasonable care in performing work to refit SALTY." This duty, if it exists, arises solely under the contract between Lower Neuse and Boats, Etc. and not as a result of any independent common law duty. As such, no tort claim for breach of the duty exists.

Lower Neuse also argues that Midgett owed it independent common law duties, such as the duty to safeguard SALTY while she was in his care. This duty, however, has been separately pled in Count 4, alleging breach of a bailment. While such alternative pleading is permitted in federal court, duplicative pleading is not. See, Chernova v. Electronic Systems Svcs. Inc., 247 F.Supp. 2d 720, 722 (D.Md. 2003) (dismissing count alleging "pregnancy discrimination" as duplicative of Title VII gender discrimination count based upon pregnancy), Love-Lane v. Martin, 355 F.3d 766 (4th Cir. 2004) (noting District Court correctly dismissed official capacity suit in § 1983 action as duplicative of same claim against governing board). Because Count 4 correctly sets forth the only independent duty arising between Midgett and Lower Neuse, his alleged negligent breach of contractual obligations fails to state a different claim for relief. Accordingly, the Court grants Defendants' motion to dismiss Count 3.

**D.     Counts 5 and 6 assert a breach of the maritime implied warranty of workmanlike performance.**

Counts 5 and 6 mirror the contract claims against Boats, Etc. and Midgett, but assert that the two breached an implied warranty of workmanlike performance. The Defendants' motion contends the claim does not exist. In Admiralty, however, it does.

In Little Beaver Enterprises v. Humphreys Railways, Inc., 719 F.2d 75, 78 (4th. Cir. 1983), the Fourth Circuit compared the implied warranty of workmanlike service arising from a maritime contract to that of a "manufacturer's warranty of the soundness of its manufactured product." (citing Ryan, 350 U.S. at 133-34, 76 S.Ct. at 237. Little Beaver Enterprises had contracted with Humphreys Railways, Inc. to have its fishing vessel overhauled, and the ship's manual steering system replaced with a hydraulic one. The steering failed, but Little Beaver had signed Humphreys' standard work order, with provisions limiting the repair firm's liability to defective workmanship and material. The Fourth Circuit rejected the limitations, writing the "warranty imposed on a contractor in admiralty is to effect ship repairs in a workmanlike manner" and, though it does not make the repairer a guarantor of results, the warranty is very broad and "limitations on the 'warranty of workmanlike service are not looked upon with favor and are strictly construed.'" Id., (citing Elgie & Co. v. Steamship S.A. NEDERBURG, 599 F.2d 1177, 1183 (2d Cir. 1979)).

The fact that ship repair contracts include an implied obligation of workmanlike performance does not, however, impose separate duties on Midgett unless he (rather than Boats, Etc.) is the contracting party. Here, the allegations in the Complaint are sufficient to state alternative claims that the contracting party (whether Midgett or Boats, Etc.) may have violated

the implied warranty of workmanlike performance. Accordingly, the Defendants' motion to dismiss counts 5 and 6 is denied.

E. **Counts 7 and 9 fail to state a claim for actual or constructive fraud.**

Counts 7 and 9 alleged against Midgett individually, assert that he misled Lower Neuse into believing that it would be "entering into a contract with an existing corporation." Because Boats, Etc., at the time of the Contract, had been administratively terminated, Lower Neuse alleges Midgett's representations to the contrary amounted to actual or constructive fraud.

Differing only in the fraudfeasor's intent, both actual and constructive fraud require allegations sufficient to establish a false representation of material fact, which was relied upon by the Plaintiff, resulting in damages. Harrington v. Sprint Nextel Corp., Civ. No. 1:08cv336, (unpublished) (available at 2008 WL 2228524) (E.D.Va. 2008) (citing Prospect Dev. Co. v. Bershader, 258 Va. 75, 86 (1999)). Although Counts 7 and 9 allege these elements in a summary fashion, the pleading contains only one factual allegation to support them. That claim is that Midgett, either intentionally or negligently, falsely represented to Lower Neuse that Boats, Etc. was a "lawfully existing corporation" and that Lower Neuse relied upon this false representation and as "a direct and proximate result . . . was damaged in the amounts alleged herein." (Complaint, ¶¶ 64-67).

By statute, and as affirmatively alleged in the Complaint, Boats, Etc. is currently a "lawfully existing corporation." Moreover, for purposes of determining the liability of other defendants, its reinstatement in 2011 operates retroactively to restore its corporate status during the prior period of termination. Va. Code § 13.1-754. These facts strongly suggest that the single misrepresentation alleged to support Counts 7 and 9 could not be material, and thus, insufficient to sustain a claim for either actual or constructive fraud.

10

The Complaint also offers no factual support for any damages resulting from the alleged misrepresentation. In brief and oral argument, counsel for Lower Neuse was unable to identify any harm which could have resulted from the single allegation addressed in these two counts. Unable to do so, the Company's brief contends that its conclusory allegation of damage is sufficient, and that "at this stage of the proceedings the Court must assume that plaintiff's assertion that it was damaged . . . is true." However in the absence of any allegation of facts sufficient to show how Lower Neuse could have suffered any loss from the temporary administrative termination of Boats, Etc., this claim of damage is not plausible on its face. As set forth in Section III (A), Lower Neuse has failed to identify any basis to pierce the corporate veil, or otherwise disregard the corporate form. Absent any facts to suggest that Boats, Etc.'s administrative termination affected its ability to perform the Contract, the Court is unable to see how Lower Neuse was or could have been harmed by the alleged misrepresentation.

Because the Complaint does not allege facts sufficient to establish a plausible claim for actual or constructive fraud related to the Defendant's alleged representation of corporate status, Counts 7 and 9 should be dismissed.

F. **Count 11 asserts a claim for breach of fiduciary duty only if one arises from the parties' contract.**

The final claim against Midgett asserts that he breached a fiduciary duty to Lower Neuse while serving as an "agent and owner's representative." (Complaint, ¶ 84). Midgett moved to dismiss this count noting that fiduciary duties must arise independently from duties assumed by contract. Augusta Mut. Ins. Co. v. Mason, 274 Va. 199, 207, 645 S.E. 2d 290, 296 (2007).

Lower Neuse alleged that it engaged Midgett for his expertise in wooden boats, to evaluate the merit of its proposed project, and assist in obtaining Coast Guard certification.

11

These factual claims, the Company argues, sustain its conclusion that Midgett was an agent or owner's representative with consequent fiduciary duties.

Here, however, any agency relationship between Midgett and Lower Neuse arises by virtue of their alleged contract. Midgett disputes that any contract between him and Lower Neuse exists. Absent an agreement between them no fiduciary relationship would exist either. If Lower Neuse establishes the contract it alleged with Midgett, the terms of that contract control. The fact that certain duties flowing from that relationship arise by implication rather than by express agreement does not give rise to a separate claim for breach of fiduciary duty. Augusta Mut. Ins. Co., 274 Va. at 207 (citing O'Connell v. Bean, 263 Va. 176, 181, 556 S.E. 2d 189, 191 (2002)). Thus, while Lower Neuse may assert its contract with Midgett imposed implied obligations on him by virtue of the principal/agent relationship it created – those claims sound in contract and not in tort. See Station #2, 280 Va. at 173, 69 S.E. 2d at 541. Accordingly, Count 11 will be dismissed.

### III. CONCLUSION

For the foregoing reasons the undersigned DENIES the Defendants' motion to dismiss counts 2, 5, 6, and 8, and GRANTS Defendants' motion to dismiss counts 3, 4, 7, 9, and 10. The contract claim alleged in Count 1 is adequately pled against Midgett and Boats, Etc. as contracting parties. To the extent the count asserts personal liability against Midgett and Dovel, as owners or agents of Boats, Etc. it fails to state a claim and the Defendants' Motion to Dismiss is GRANTED.

If omitted facts would sustain any of the dismissed counts, the Plaintiff may file an Amended Complaint within ten (10) days from the date of this Order. If no Amended Complaint is filed, the Clerk shall terminate Dovel as a party to this action.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

September 28, 2011